HOLM, Appellant, v. KLINE et al, Respondents.

(190 N. W. 805.)

(File No. 5132. Opinion filed November 28, 1923.)

**Mortgages—Deeds—Evidence Held to Establish that Absolute Deed Was Mortgage.**

Evidence held to establish that an absolute deed was in fact a mortgage.

Appeal from Circuit Court, Walworth County; Hon. J. H. Bottum, Judge.

Action by Peter E. Holm against Daniel Kline and the Bank of Ipswich. From a judgment for defendants, plaintiff appeals. Reversed.

*P. C. Hvistendahl,* of Mobridge, for Appellant.

*W. M. Potts,* of Mobridge, for Respondents.

POLLEY, J. In this action plaintiff seeks to have a deed, absolute on its face, declared a mortgage, and that, upon paying defendant the amount due thereon he be required to reconvey the property involved to plaintiff. The trial court found that defendant was the absolute owner of the property, and entered judgment, quieting title in him. From this judgment, plaintiff appeals.

The deed in question was executed in September, 1916. The property conveyed consisted of three building lots in the city of Mobridge, two of which are involved in this action. On one of the lots involved was a building which cost approximately $1,800. This building was then, and ever since has been, occupied by plaintiff. Prior to the execution of the deed, said lots together with other property were mortgaged to the Bank of Franklin, for the sum of $1,800. This money was past due, and plaintiff was unable to pay the same. He testified that he applied to defendant for assistance and proposed to defendant that if he would redeem the property that he (plaintiff) would convey the title to

the property to defendant to be held by him as security until the plaintiff could repay him. Defendant testified that, at the time of the conveyance, plaintiff came to him and told him that he was about to lose the property on the mortgage to the bank at Franklin, but that he would rather see the defendant have the property than the bank, and, if defendant would furnish the money to redeem from the bank, that he (plaintiff) would convey the title to the property to defendant as his own; that he paid off the mortgage to the bank, and plaintiff conveyed him the title to the property, and has no further interest therein.

During the interval between the conveyance to defendant and the commencement of this action, plaintiff paid to defendant certain sums of money aggregating $370. Plaintiff testified that he paid this money to be applied on the interest and the taxes on the property. Defendant testified that this money was paid as rent on the building occupied by plaintiff. On the face of one of the checks given to defendant was the notation: "To be applied on taxes and interest." Plaintiff testified that this notation was on the check when he gave it to defendant, while defendant testified that said notation was not on the check when it was given to him, but had been placed there after the check had been returned to plaintiff by the bank against which it was drawn. Two disinterested parties testified that in conversations that they had had with defendant after the property had been conveyed to him, he gave them the impression that plaintiff was still the owner of the property. Up to this stage in the testimony the evidence is so nearly balanced that a finding either way by the trial court would not be disturbed by this court. But certain circumstances, unexplained, appear to give the preponderance of the evidence to the plaintiff. During the year 1917, the plaintiff negotiated the sale of one of the lots. He fixed the price at $635, which amount was paid by purchaser. At plaintiff's request, defendant executed and delivered to the purchaser a deed for the lot. Defendant does not appear to have taken any part in this transaction other than to execute the deed, and does not appear or claim to have had any interest in the transaction except to receive the proceeds of the sale. The purchase price of $635 was paid to, and received by defendant and as plaintiff claims should have been credited on the $1,800 advanced by defendant. This,

of course, according to plaintiff's theory of the case, reduced the amount of the debt owed by him to defendant to less than $1,200, plus any balance due on interest and taxes. The property still held by the defendant at the time of the trial was worth $4,000 to $5,000.

We believe that, under the circumstances disclosed by this record, the findings of fact made by the trial court are contrary to a clear preponderance of the evidence, and that appellant is entitled to a new trial. In case another trial is had, the matters set out as newly discovered evidence will be admissible, and it is not necessary to consider it as a ground for new trial.

The judgment appealed from is reversed.

Note—Reported in 190 N. W. 805. See American Key-Numbered Digests, Mortgages, Key-No. 38(1), 27 Cyc. 1024-1027.